■ In the Matter of Jo RYDER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 7, 1974, which disqualified claimant from receiving benefits on the ground that she was not available for employment. Claimant had worked for the employer for approximately one and one-half years until September 7, 1973, when she went to Arkansas to care for her ill, aged mother. Claimant submitted medical evidence that her presence in Arkansas to personally provide her mother with physical care was required, and the board affirmed a finding of the referee that claimant's voluntary leaving of employment was not without good cause. However, it was also found that the " doctor attested that it was necessary for claimant to be with her mother at all times ", and the referee was of the opinion, which the board affirmed, that " the record indicates that it was necessary for claimant to render full-time personal care for her aged mother." Our review of the record indicates that this finding and opinion are not supported by substantial evidence, and the decision of the board must be reversed. Respondent in its brief candidly admits that a statement in the transcript of claimant's hearing before the referee to the effect that she " can't do these things " (presumably, attend her mother) " and be available to work also " is incorrect, and that claimant actually stated " I can do those things and be available for work also." Nevertheless, respondent would have us affirm the board's decision solely upon the basis of a statement by the mother's doctor that " someone must do her cooking as well as all housework and it is necessary for someone to be with her." The doctor did not state that the mother required claimant's presence at all times, and this court can take judicial notice of the number of people who are employed full time and also find time to do cooking, housework, and take care of families. In the absence of any further evidence that claimant's mother's needs were such as to require claimant's full-time attendance, the present record was inadequate to support an inference that claimant was unavailable for employment. Since it appears that claimant will be able to furnish further medical evidence supporting her contention that her mother does not require claimant's full-time care, we feel it appropriate to remit this case to the board for the taking of further proof on the issue of availability for employment. Decision reversed, with costs,

and matter remitted to the Unemployment Insurance Appeal Board for further proceedings. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Kane, JJ., concur.